UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STEVEN B. KING, ARLENE F. KING,<br><br>Plaintiffs,<br><br>vs.<br><br>DAVID J. AKERS, DAVID J. ROTH, ROTH TRUCKING, INC., RUSHMORE RENT & LEASE, INC.,<br><br>Defendants. | 5:17-CV-05065-JLV<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO CONDUCT RULE 56(d) DISCOVERY |

This is a diversity action arising out of a collision between Defendant David Akers and Plaintiff Steven King. Plaintiffs Steven and Arlene King filed a Motion for Partial Summary Judgment (Doc. 18) on the issue of liability. Defendants David Akers, David Roth, Roth Trucking, Inc., and Rushmore Rent & Lease, Inc., oppose the motion and filed a Motion for Leave to Conduct Rule 56(d) Discovery. (Doc. 24). United States District Court Judge Jeffrey L. Viken, Chief Judge, referred the Motion for Leave to Conduct Rule 56(d) Discovery to this magistrate judge for determination. (Doc. 28).

## FACTUAL BACKGROUND

The following material facts are taken from Plaintiffs' Statement of Undisputed Material Facts (Doc. 20), and Defendants' Objections and Responses to Plaintiffs' Statement of Undisputed Material Facts (Doc. 26). The facts are "viewed in the light most favorable to [Defendants, who] oppose the

1

motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Defendant David Akers operated a semi-truck owned by Defendant Rushmore Rent & Lease, and leased to Defendant Roth Trucking. On July 11, 2017, Mr. Akers was traveling eastbound on Interstate Highway 90 through South Dakota. Plaintiff Steven King was riding his bicycle along the shoulder of the eastbound highway as Mr. Akers approached him. Mr. Akers looked down between the seats of the truck to retrieve an item from his cooler, drove across the rumble strips onto the shoulder of the highway, and struck Mr. King. Mr. Akers received a citation for careless driving in violation of SDCL § 32-24-8, which states:

> Any person who drives any vehicle upon a highway, alley, public park, recreational area, or upon the property of a public or private school, college, or university carelessly and without due caution, at a speed or in a manner so as to endanger any person or property, not amounting to reckless driving as defined in § 32-24-1, is guilty of careless driving. Careless driving is a Class 2 misdemeanor.

Mr. Akers pleaded guilty to the ticket on December 14, 2017, and was sentenced to a fine and restitution for the damage to Mr. King's bicycle.

Plaintiffs moved for partial summary judgment on the issue of liability. Plaintiffs argue that because Mr. Akers pleaded guilty to the violation of SDCL § 32-24-8, the court should find him negligent as a matter of law and thus liable. (Doc. 19 at p. 3). Defendants do not dispute Mr. Akers' negligence, but assert that further discovery is necessary on the issues of contributory negligence and assumption of risk in order to determine liability. (Doc. 27 at p. 4). Defendants state that Plaintiffs fail to cite to facts showing that Mr. King

exercised due care while operating his bicycle, and that he did not assume the risks involved. Defendants respond further that Plaintiffs have not shown that Defendants David Roth, Roth Trucking, and Rushmore Rent & Lease are vicariously liable as a matter of law. Defendants request that the motion be denied and the parties be permitted to conduct discovery on the issues of contributory negligence, assumption of risk, and vicarious liability. (Doc. 27 at p. 6).

In response to the motion for summary judgment, Defendants filed a motion requesting leave to conduct Rule 56(d) discovery. (Doc. 24). Because there has not been an opportunity to conduct sufficient discovery, Defendants state they cannot present a complete set of facts to justify their summary judgment opposition. (Doc. 25 at p. 2). Under the court's current scheduling order, discovery is due by December 14, 2018. (Doc. 17). Defendants anticipate that discovery under Rule 56(d) will be completed within the scheduling order's deadlines. (Doc. 25 at p. 3). Plaintiffs did not file a response to the Motion to Conduct Rule 56(d) Discovery.

## **DISCUSSION**

Under Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment if it can "show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party meets its burden, the nonmoving party may not rest on the allegations or denials in the pleadings, but rather must produce affirmative evidence setting forth specific facts showing that a genuine issue of material

3

fact exists. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. Id. at 248. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Id. at 247–48 (emphasis in original).

Under Fed. R. Civ. P. 56(d), a nonmovant may show by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. In such an instance, the court may: (1) defer considering the motion for summary judgment or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). "As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery." Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P., 687 F.3d 1045, 1049 (8th Cir. 2012) (internal quotations omitted). "Nonmovants may request a continuance under [Rule 56(d)] until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." Id. at 1050.[1] A Rule 56(d) affidavit

---

[1] Hamilton discussed Rule 56(f), which was the applicable rule at the time Hamilton's counsel filed his affidavit asking for further discovery. "On December 1, 2010, the Federal Rules of Civil Procedure were amended, and it is now Rule 56(d) that allows a court to grant additional time for discovery to the nonmoving party in a motion for summary judgment." Hargis v. Access Capital Funding, LLC, 674 F.3d 783, 792 n.4 (8th Cir. 2012).

4

"must set forth specific facts further discovery might uncover, or what information further discovery might reveal." Id. (affirming denial of Rule 56(d) motion where district court stayed discovery and then ruled on motion for summary judgment, and plaintiff failed to show what further facts he would uncover through a Rule 56(d) extension).

In their Answer to the Complaint, Defendants assert the affirmative defenses of contributory negligence and assumption of risk. (Doc. 14). "[F]ederal courts sitting in diversity cases, when deciding questions of 'substantive' law, are bound by state court decisions as well as state statutes." Hanna v. Plumer, 380 U.S. 460, 465 (1965) (citing Erie R. Co. v. Tompkins, 304 U.S. 64 (1938)). "Under South Dakota law '[e]very person is responsible for injury to the person, property, or rights of another caused by his . . . want of ordinary care or skill, subject . . . to the defense of contributory negligence." SDCL § 20-9-1. Similarly, "[a]ssumption of the risk allows a jury to relieve a party of liability even though it has found the party was negligent and the legal cause of another party's injuries." Burhenn v. Dennis Supply Co., 685 N.W.2d 778, 786 (S.D. 2004). Therefore, "the issue of *liability* cannot be settled without first addressing [Defendants'] affirmative defense[s] of contributory negligence" and assumption of risk. Nicolay v. Stukel, 900 N.W.2d 71, 79 (S.D. 2017) (emphasis in original).

In their Opposition to the Motion for Partial Summary Judgment, Defendants point out that Plaintiffs show no facts indicating that Mr. King did not assume the risk of riding his bicycle on the highway, and did not act in a

5

negligent manner. (Doc. 27 at p. 4–5). Defendants also acknowledge that the parties must conduct significant discovery regarding the affirmative defenses, as well as the issue of vicarious liability. (Id.). Defendants state in their Rule 56(d) affidavit that no depositions have yet been taken, and they simply have not had the opportunity to conduct the necessary discovery. (Docs. 24, 25). Defendants specifically identify the witnesses they plan to depose and the facts they plan to obtain through those depositions, which relate to vicarious liability, assumption of risk, and contributory negligence. (Doc. 24).

The Complaint in this case was filed August 3, 2017. Currently, discovery is not due until December 14, 2018. Unlike Hamilton, where the plaintiff's Rule 56(d) affidavit failed to identify any specific facts that further discovery would produce, here Defendants specifically identify the supporting facts they expect to uncover in discovery. See Hamilton, 687 F.3d at 1049–50. Moreover, in Hamilton the district court had stayed discovery before plaintiff filed his Rule 56(d) motion; here, the parties have six months remaining to conduct discovery, and no extension is necessary. This is the type of case that Rule 56(d) is designed to protect, in order to "prevent a party from being unfairly thrown out of court by a premature motion for summary judgment." Id. at 1050.

The court simply does not possess the necessary facts to rule on the Motion for Partial Summary Judgment. Six months remain for the parties to conduct discovery. Defendants have met their burden under Rule 56(d).

## CONCLUSION

Good cause showing, it is hereby

ORDERED that Defendants' Motion for Leave to Conduct Rule 56(d) Discovery (Doc. 24) is granted.

## NOTICE TO PARTIES

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 28th day of June, 2018.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge